# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT GREENVILLE

| | |
|---|---|
| KRISTINA FINN PLUNKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Docket No. 2:18-cv-00027 |
| HAMBLEN COUNTY, ) | |
| HAMBLEN COUNTY SHERIFF ) | |
| ESCO JARNIGAN, in his Individually ) | |
| Capacity, TERESA LAWS, in her ) | |
| Individually Capacity, ) | |
| ) | |
| Defendants. ) | |

## ANSWER

Come the defendants, Hamblen County, Tennessee, Esco Jarnigan in his individual Capacity, and Teresa Laws in her individual Capacity, by and through counsel, and in response to the Complaint filed against them state the following:

1. It is denied that this Court has jurisdiction over this matter.

2. It is admitted that venue would be proper for any actions that occurred in Hamblen County, Tennessee.

3. It is admitted that plaintiff was a resident of Hamblen County and was at various times confined to the Hamblen County Jail.

4. It is admitted that Hamblen County, Tennessee owned the Hamblen County Jail and that Hamblen County is a political government or entity in the State of Tennessee. It is admitted that service would be proper on the Mayor for new claims brought against Hamblen County, Tennessee.

5. It is admitted that Sheriff Esco Jarnigan was the duly elected sheriff of Hamblen County. The remainder of the allegations in Paragraph 5 of the Complaint are denied. It is denied that Sheriff Jarnigan should be sued individually.

6. It is admitted that Teresa Laws was the chief administrator of the jail. The remainder of the allegations contained in Paragraph 6 of the Complaint are denied. It is specifically denied that Teresa Law should be sued individually.

7. It is admitted that the Hamblen County Jail has housed more prisoners than its stated capacity for some time. The remainder of the allegations contained in Paragraph 7 of the Complaint are denied.

8. It is admitted that defendants have policies and procedures to govern the conduct of Hamblen County employees at the jail and to govern day to day operations. The remaining allegations continued in Paragraph 8 of the Complaint are denied as stated.

9. The allegations contained in Paragraph 9 of the Complaint are admitted.

10. The allegations contained in Paragraph 10 of the Complaint are denied.

11. These defendants are without sufficient knowledge to either admit or deny the allegations of Paragraph 11 of the Complaint as the allegations contain insufficient context.

12. These defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 12 of the Complaint and accordingly strict proof is demanded.

13. These defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 13 of the Complaint and accordingly the allegations are denied and strict proof is demanded.

14. These defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 14 of the Complaint and accordingly the allegations are denied and strict proof is demanded.

15. These defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 15 of the Complaint and accordingly, the allegations are denied and strict proof is demanded. It is admitted that plaintiff reported an assault to a nurse and according to policy and protocol was then transported to the Morristown Hamblen Hospital for medical treatment.

16. It is admitted that no inmate was charged with sexual assault on plaintiff. The remainder of the allegations contained in Paragraph 16 of the Complaint are denied.

17. The allegations contained in Paragraph 17 of the Complaint are denied.

18. The allegations contained in Paragraph 18 of the Complaint do not require a response.

19. The allegations contained in Paragraph 19 of the Complaint are denied.

20. The allegations contained in Paragraph 20 of the Complaint are denied.

21. The allegations contained in Paragraph 21 of the Complaint are denied.

22. The allegations contained in Paragraph 22 of the Complaint are denied.

23. The allegations contained in Paragraph 23 of the Complaint are denied.

24. The allegations contained in Paragraph 24 of the Complaint are denied.

25. The allegations contained in Paragraph 25 of the Complaint are denied.

26. The allegations contained in Paragraph 26 of the Complaint are denied.

27. The allegations contained in Paragraph 27 of the Complaint are denied.

28. The allegations contained in Paragraph 28 of the Complaint are denied.

29. The allegations contained in Paragraph 29 of the Complaint are denied.

30. The allegations contained in Paragraph 30 of the Complaint are denied.

31. The allegations contained in Paragraph 31 of the Complaint are denied.

32. The allegations contained in Paragraph 32 of the Complaint are denied.

33. The allegations contained in Paragraph 33 of the Complaint are denied.

34. The allegations contained in Paragraph 34 of the Complaint are denied.

35. The allegations contained in Paragraph 35 of the Complaint do not require a response.

36. The allegations contained in Paragraph 36 of the Complaint are denied.

37. The allegations contained in Paragraph 37 of the Complaint are denied.

38. The allegations contained in Paragraph 38 of the Complaint are denied.

39. The allegations contained in Paragraph 39 of the Complaint are denied.

40. The allegations contained in Paragraph 40 of the Complaint are denied.

41. The allegations contained in Paragraph 41 of the Complaint are denied.

42. The allegations contained in Paragraph 42 of the Complaint are denied.

43. The allegations contained in Paragraph 43 of the Complaint are denied.

44. The allegations contained in Paragraph 44 of the Complaint are denied.

45. The allegations contained in Paragraph 45 of the Complaint are denied.

46. The allegations contained in Paragraph 46 of the Complaint do not require a response.

47. The allegations contained in Paragraph 47 of the Complaint are denied.

48. The allegations contained in Paragraph 48 of the Complaint are denied.

48. The allegations contained in the second Paragraph 48 of the Complaint are denied.

50. The allegations contained in Paragraph 50 of the Complaint are denied.

51. The allegations contained in Paragraph 51 of the Complaint are denied.

52. The allegations contained in Paragraph 52 of the Complaint are denied.

53. The allegations contained in Paragraph 53 of the Complaint are denied.

54. The allegations contained in Paragraph 54 of the Complaint are denied.

55. The allegations contained in Paragraph 55 of the Complaint are denied.

56. The allegations contained in Paragraph 56 of the Complaint are denied.

57. The allegations contained in Paragraph 57 of the Complaint are denied.

58. The allegations contained in Paragraph 58 of the Complaint are denied.

59. The allegations contained in Paragraph 59 of the Complaint do not require a response.

60. The allegations contained in Paragraph 60 of the Complaint are denied.

61. The allegations contained in Paragraph 61 of the Complaint are denied.

62. The allegations contained in Paragraph 62 of the Complaint are denied.

63. The allegations contained in Paragraph 63 of the Complaint are denied.

64. The allegations contained in Paragraph 64 of the Complaint are denied.

65. The allegations contained in Paragraph 65 of the Complaint are denied.

66. The allegations contained in Paragraph 66 of the Complaint are denied.

67. The allegations contained in Paragraph 67 of the Complaint are denied.

68. It is denied that plaintiff is entitled to judgment in the amount demanded. It is denied that plaintiff is entitled to judgment for any amount.

69. It is denied that plaintiff is entitled to any pre-judgment or post-judgment interest.

**<u>Affirmative Defenses</u>**

70. It is denied that plaintiff is entitled to attorney's fees. It is affirmatively alleged that defendants are entitled to attorney's fees pursuant to 42 U.S.C. 1998.

71. As an affirmative defense, defendants Hamblen County, Teresa Laws and Esco Jarnigan allege that they have not been properly served pursuant to Rule 4 of the Tennessee Rules of Civil Procedure or Rule 4 of the Federal Rules of Civil Procedure. Pursuant to Federal Rule of Civil Procedure 12(b)(5), plaintiff's action should be dismissed for insufficient service of process. Defendants also assert insufficient process under Federal Rules of Procedure Rule 12(b)(4).

72. Plaintiff's Complaint fails to state a claim for which relief can be granted under Federal Rules of Civil Procedure 12(b)(6).

73. Defendants Jarnigan and Laws assert the doctrine of absolute and qualified immunity in that they did not violate the clearly established constitutional right of plaintiff.

74. Plaintiff did not suffer any deprivation of any state or federal constitutional right and even if plaintiff did, it did not result in any action or inaction on the part of the defendants.

75. All allegations not admitted or explained are hereby denied.

76. These defendants reserve the right to amend their Answer under the Federal Rules of Civil Procedure and the Orders of this Court.

77. These defendants reserve all defenses and immunities available under the Tennessee Governmental Tort Liability Act, Tennessee Code Annotated 29-20-101, et seq. and state common law.

6
Case 2:18-cv-00027-TAV-MCLC   Document 8   Filed 06/21/18   Page 6 of 8   PageID #: 45

78. These defendants allege that plaintiff's Complaint is barred by the statute of limitations and was not timely filed within one year.

79. These defendants allege lack of jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

80. These defendants allege the affirmative defense of failure to join a required party under Rule 19 of Civil Procedure 12(b)(7), for failure to join the individuals alleged in the assault described in the case.

81. Without waiving any defenses whatsoever, these defendants allege the comparative fault of Misty Saban, Ashley Dane, Christy Collins, Patty Brady, Gina Seals and Andrea Wright. These individuals are alleged in Plaintiff's Complaint filed in state court to have sexually assaulted plaintiff. If the plaintiff was indeed sexually assaulted by these individuals, these individuals should be fully and completely responsible for the sexual assault upon plaintiff. In the alternative, defendant Hamblen County would be reduced by the fault of these alleged criminals.

82. The injuries to plaintiff were not reasonably foreseeable. Accordingly, no duty was breached and defendants cannot be liable.

83. Whatever damages were incurred by plaintiff were proximately caused by the criminal actions of non-parties. The defendants in this case were not the proximate cause of the injuries to plaintiff.

84. Plaintiff's complaint should be dismissed under the doctrine of prior suit pending.

WHEREFORE, these defendants respectfully request that they be dismissed from this case, or in the alternative, demand a jury to try the issued joined.

/s Jeffrey R. Thompson
Jeffrey R. Thompson, BPR # 020310
N. Craig Strand, BPR # 028381
**O'NEIL, PARKER & WILLIAMSON, PLLC**
*Attorneys for Hamblen County, Tennessee, Sheriff Esco Jarnigan, in his individual capacity, and Captain Teresa Laws in her individual and official capacity*
7610 Gleason Drive, Suite 200
Knoxville, TN 37919
865-546-7190
865-545-0789 (fax)

## CERTIFICATE OF SERVICE

I do hereby certify that on June 21st, 2018, an exact copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s Jeffrey R. Thompson
for O'Neil, Parker & Williamson, PLLC